GAUDIN, Judge.
This is an appeal by Wayne Hutchinson contending that the trial judge, in passing sentence, had an erroneous view of available alternates, i.e., he (the judge) was unaware of the fact that the imposed prison term could be suspended. Hutchinson was sentenced to five years at hard labor for distribution of cocaine in violation of LSA-R.S. 40:967A. We affirm the sentence.
Initially, we note that Hutchinson did not comply with LSA-C.Cr.P. art. 881.1, which states in section D:
“Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”
Hutchinson did not file an appropriate motion to reconsider in district court; nonetheless, we inquired into the merits of his appeal. He argues that the trial judge expressed an intent to impose the minimum sentence yet he failed to allow probation.
Our examination of the record, however, shows that both the experienced trial judge, the prosecuting attorney and Hutchinson’s district court counsel were well aware of the possibility of a suspended jail sentence. In fact, Hutchinson’s lawyer specifically requested a partial suspended sentence at the sentencing hearing. This request was turned down.
*856 We also examined the record for errors patent and found none. Hutchinson’s plea was voluntarily made after the state agreed not to prosecute him as a multiple offender. The defendant was properly “Boykinized” [1] and the trial judge imposed a sentence in conformity with what was said in open court.
AFFIRMED.

. In accord with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).